## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TIERE CRAINE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Case No. CIV-21-114-SM** |
| **KIKOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Tiere Craine (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 16, 17.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred, first by omitting an additional limitation and second in failing to analyze whether her diagnosis of schizophrenia meets or equals the § 12.03(C)(2) Listing. Doc. 22, at 10-25. After a careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the

Court reverses and remands the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines a disabled individual as a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[1]   Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.

### C.    Relevant findings.

#### 1.    The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 14-21; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1)    had not engaged in substantial gainful activity since October 19, 2018, the application date;

(2)    had the following severe medically determinable impairments: bipolar, type 1 with psychotic features; panic disorder with agoraphobia; and personality disorder, not otherwise specified;

(3)    had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)    had the residual functional capacity[2] (RFC) to perform the full range of work at all exertional levels but with the following non-exertional limitations: she would require work that involves one- or two-step, repetitive tasks, with no interaction with the general public and only occasional interaction with coworkers and supervisors;

(5)    had no past relevant work;

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

(6)    there are jobs that exist in significant numbers in the national economy that she can perform, such as lab equipment cleaner, hand packager, and hand launderer; and so,

(6)    had not been under a disability since October 19, 2018.

AR 14-21.

## 2.    Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id*. at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II.    Judicial review of the Commissioner's final decision.

### A.    Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other

evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

**B.   Issues for judicial review.**

Plaintiff asserts the ALJ erred (1) by omitting a limitation that she could "adjust to repetitive work tasks and minor changes in a usually stable work situation," and (2) in failing to consider whether her schizophrenia satisfied Listing 12.03. *See* Doc. 22, at 10, 17. Because the Court agrees with Plaintiff's first argument, it does not address the second.

**C.   The ALJ did not properly consider Plaintiff's ability to adapt to changes in a work situation.**

The ALJ found the two state agency psychological consultants' opinions persuasive without noting distinctions between the two. AR 19. He noted that, taken together, they reported Plaintiff could perform simple and some complex tasks and one- and two-step tasks, could relate to others on a superficial work basis with limited public contact, and could adapt to a work environment. *Id.* at 12-13 (citing AR 51-55, 66-72). Plaintiff argues that this assessment omitted some of Dr. Laura Lochner's limitations, which were not shared by Dr. Joy Kelly's opinion. Dr. Lochner's opinion included the limitation to one- and two-step tasks as well as a more restrictive limitation—that Plaintiff "can adjust

to repetitive work tasks and minor changes in a usually stable work situation." Doc. 22, at 13 (citing AR 72).

The Court finds the ALJ did not adequately explain the supportability and consistency of the state agency psychological consultants' findings. *See* Doc. 23, at 6. The ALJ deemed those findings "persuasive," noting they were "generally supported" by "explanation of the evidence used to formulate them" and "generally consistent with the evidence of record . . . ." AR 19.[3] Given these persuasiveness findings, the ALJ erred by not explaining his omission of Dr. Lochner's conclusion that Plaintiff could only adjust to repetitive work tasks and minor changes—and make those adjustments in a usually-stable work environment. *See* AR 72.

The Commissioner acknowledges that the ALJ did not address the distinction between Dr. Kelly's finding that Plaintiff could "'adapt to a work environment' and Dr. Lochner's findings that she could 'adjust to repetitive work tasks and minor changes in a usually stable work situation.'" Doc. 23, at 6. But she argues that any error is "harmless because the ALJ's RFC determination already precluded any work exceeding Dr. Lochner's more

_____

[3]     The Court declines to address Plaintiff's argument about whether the ALJ erred in his determination that her schizophrenia did not meet a Listing because that argument "may be affected by the ALJ's treatment of th[e] case on remand." *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

restrictive finding." *Id.* at 6-7. The Commissioner reasons that the restriction

to one- or two-step repetitive tasks accounts for Dr. Lochner's assessment that

Plaintiff needs a usually-stable work environment that includes only minor

changes. *Id.* at 7. The Court disagrees.

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; *to respond* appropriately *to* supervision, coworkers, and *usual work situations; and to deal with changes in a routine work setting.* A substantial loss of ability to meet any of these basic work-related activities *would severely limit the potential occupational base.* This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base.

SSR 85-15, 1985 WL 56857, at *4 (1985) (emphasis added).

A medical finding that a claimant can adjust only to minor changes in a

usually-stable work environment—as Dr. Lochner found—calls for greater

workplace restrictions than the ALJ imposed here.

The Court agrees with Plaintiff that it reached a similar conclusion in

*Scott v. Saul,* No. CIV-20-100-SM, 2020 WL 5242538 (W.D. Okla. Sept. 2,

2020). There, the ALJ found:

> The State agency physicians who review[ed] the medical evidence concluded that the claimant retained the ability to understand, remember, and *carry out simple instructions* with routine supervision; relate to supervisors and a limited number of coworkers on a superficial basis; *and adapt to a work environment that is generally stable and in which changes are in[troduced]*

> *gradually and with adequate demonstration . . . . Accordingly[,] the RFC herein is consistent with these opinions.*

*Id.* at 2. (emphasis added). But "the RFC's limitation to unskilled work [] include[d] neither the recommended limitation nor any other limitation that might attempt to incorporate a limitation in Plaintiff's ability to respond to changes in the workplace." *Id.* at *4. So the Court reversed the Commissioner's decision and remanded for further proceedings. *Id.*

Here, the ALJ apparently adopted Dr. Kelly's findings without acknowledging they were less restrictive than those of Dr. Lochner after finding both psychological consultants' opinions persuasive. The Court can discern no more than a semantic difference between the Dr. Kelly's finding that Plaintiff should be limited to simple, repetitive tasks, and the ALJ's limitation to one- or two-step repetitive tasks. *See Alexandria P. v. Saul*, 2020 WL 1166187, at *3 (D. Kan. Mar. 11, 2020) ("The only difference between the ALJ's RFC and Dr. Duclos's opinion is that the ALJ substituted the phrase 'simple, routine and repetitive' for Dr. Duclos's use of the phrase '1-2 step' in describing the instructions Plaintiff can understand and remember and the tasks she can carry out. While this potentially involves some degree of difference beyond mere semantics, it defies logic to imagine instructions or tasks in <u>unskilled work</u> that require only 1-2 steps which would not also fit within the descriptors

'simple, routine and repetitive.'"); *see generally, Sides v. Comm'r of the Soc. Sec. Admin.*, 2022 WL 950881, at *2 (E.D. Okla. Feb. 28, 2022) (ALJ's RFC assessment included, in part: "Claimant could perform a '*full range of unskilled work which is simple, repetitive and routine (and where there are only one or two step tasks required* or the job only requires a reasoning level of one).'"; and "Claimant could not be required to work at fast-paced production line speeds *and could only have 'occasional, gradually-introduced workplace changes.*'") (emphasis added), *adopted sub nom. Sides v. Kijakazi*, 2022 WL 947163 (E.D. Okla. Mar. 29, 2022); *Lance Alan M. v. Kijakazi*, 2021 WL 5867232, at *13 (D. Kan. Dec. 10, 2021) (RFC included pertinent restrictions, including that claimant could "carry out detailed but *uninvolved instructions* in the performance of *simple, routine and repetitive tasks* in a work environment with no fast paced *production requirements involving simple work-related decisions, and with only occasional judgment and work place changes.*") (emphasis added). As in *Scott*, the omission of any reference to Plaintiff's ability to adapt to workplace changes requires remand.

## III.   Conclusion.

Based on the above, the Court reverses and remands the Commissioner's decision.

**ENTERED** this 29th day of April, 2022.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE